# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DALE WILLIAM GILLEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:21-cv-00125-RDP-HNJ |
| CULLMAN COUNTY CIRCUIT COURT, et al. | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The plaintiff, a convicted prisoner incarcerated at the Staton Correctional Facility in Elmore, Alabama, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Based on the analysis herein, the undersigned **RECOMMENDS** the court **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of that Act amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals interprets this statute as providing that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *Dupree v. Palmer,* 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule arises for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of this court's records reveals the plaintiff has filed at least three cases which have been dismissed for failing to state a claim under 28 U.S.C. § 1915A(b): *Gilley v. Windom, et al.*, No. 2:19-cv-00503-WKW-CSC, 2019 WL 6719869 (M.D. Ala. Dec. 10, 2019); *Gilley v. Cullman County District Attorney's Office, et al.*, No. 4:13-cv-1116-CLS-HGD, 2014 WL 6879263 (N.D. Ala. Dec. 4, 2014); and *Gilley v. Cullman County District Attorney's Office, et al.*, No. 4:18-cv-1251-CLS-HNJ, 2019 WL 2448576 (N.D. Ala. June 12, 2019). Therefore, the plaintiff comes within § 1915(g), which precludes him from commencing this action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The undersigned has reviewed the plaintiff's complaint carefully and discerns he has not alleged any facts indicating he is under imminent danger of serious physical injury. Rather, the allegations and request for declaratory or injunctive relief "represent[] another entry in a long line of cases the plaintiff has filed in this court in

connection with his 1994 arrest and subsequent conviction for First Degree Rape in Cullman County." *Gilley v. Cullman County District Attorney's Office, et al.*, No. 4:18-cv-1251-CLS-HNJ, 2019 WL 2482514 at * 2 (N.D. Ala. May 22, 2019), *report and recommendation adopted*, 2019 WL 2448576 (N.D. Ala. June 12, 2019).

Because the plaintiff failed to pay the filing fee of $402.00 at the time he filed this complaint, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection,

however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 1st day of March, 2021.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE